UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LILLIE M. MIDDLEBROOKS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-1519 (ESH) |
| MEDSTAR HEALTH INC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION

The issue before the Court is whether this lawsuit, brought by *pro se* plaintiff Lillie M. Middlebrooks, should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), under the doctrine of res judicata because this case involves the same nucleus of facts previously litigated in Superior Court. As explained herein, this case is so barred, and it will therefore be dismissed.

Plaintiff is a former nurse at Washington Hospital Center ("WHC"), where she was employed from 2003 until her termination in July 2007. She then filed suit in District of Columbia Superior Court claiming race discrimination and retaliation. *Middlebrooks v. WHC*, No. 2008 CA 001155 B (D.C. Super. Ct. filed Feb. 15, 2008). While this case was pending, plaintiff filed a second *pro se* complaint alleging further acts of discrimination and retaliation relating to her WHC employment. *Middlebrooks v. WHC*, 2008 CA 6062 B (D.C. Super. Ct. filed Aug. 14, 2008). These cases were consolidated before Judge J. Ramsey Johnson.[1] Order,

---

[1]It bears noting that plaintiff filed yet another suit in Superior Court on July 19, 2010, against WHC alleging that her termination violated 29 U.S.C. § 185. *See Middlebrooks v. WHC*, 2010 CA 5376 (D.C. Super. Ct. filed July 19, 2010). The court dismissed this case on September

*Middlebrooks v. WHC*, No. 2008 CA 001155 B (Jan. 22, 2009); *Middlebrooks v. WHC*, No. 2008 CA 006062 B (Jan. 22, 2009).

In these two Superior Court cases, plaintiff refused to participate in discovery, and, as a result, the court ordered her to submit to an IME, release her medical records and respond to written discovery requests. *See* Orders, *Middlebrooks v. WHC,* 2008 CA 001155 B (May 27, 2009; June 26, 2009). Plaintiff did not comply, and thereafter, Judge Johnson ordered the parties to appear for a status hearing on September 11, 2009. Order, *Middlebrooks v. WHC,* 2008 CA 001155 B (Aug. 21, 2009). Plaintiff did not appear in violation of this order and, noting plaintiff's persistent failure to participate in discovery, the judge ruled on the record on September 11, 2009, that both cases were dismissed with prejudice. (*See* Defs.' Mot. to Dismiss Ex. 5.)

Now plaintiff has again filed suit against these defendants for discrimination and retaliation relating to here employment and termination from WHC. The case was commenced in Superior Court, *Middlebrooks v. Medstar Health Inc*., No. 2010 CA 5230 B (filed July 14, 2010), but removed here because plaintiff has asserted a federal claim under 42 U.S.C. § 1981.[2]

---

22, 2010, pursuant to Superior Court Rule 4(m).

[2]Curiously, plaintiff had also sued in this Court on May 3, 2010, claiming unlawful termination by WHC and others based on race, gender, color and protected activities, including a claim under 42 U.S.C. § 1981. *See Middlebrooks v. Fuentes*, Civ. No. 10-0878 (D.D.C. remanded July 9, 2010). When plaintiff indicated that she did not want to pursue her federal claim, the Court dismissed Count 57 (*i.e.*, the § 1981 claim) and remanded the case to Superior Court. *Id*. The Superior Court dismissed this case on November 19, 2010. *Middlebrooks v. Fuentes*, 2010 CA 002997 (D.C. Super. Ct. Nov. 19, 2010). Plaintiff has also instituted additional lawsuits (all of which have been dismissed) in this Court against these defendants and others. *See*, *e.g.*, *Middlebrooks v. Godwin Corp*., Civ. No. 10-2048 (D.D.C. filed Oct. 30, 2009); *Middlebrooks v. St. Coletta of Greater Washington, Inc*., Civ. No. 09-1281 (D.D.C. filed July 10, 2009); *Middlebrooks v. Bonner Kiernan Trebach & Crociata, LLP*, Civ. Action No. 09-1783

Given this procedural background, the issue is simply one of whether plaintiff is estopped from relitigating this case by virtue of the dismissal with prejudice entered on September 11, 2009, in Superior Court. The answer is clearly yes.

Res judicata or claim preclusion prevents relitigation of the same claims or causes or action between the same parties or their privies when a final judgment has been entered in a previous case. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001) (citation omitted). Claim preclusion applies not only to issues already litigated, but also to claims which could or should have been brought in the prior litigation. *Nevada v. United States*, 463 U.S. 110, 129 (1983). Suits will be barred by the doctrine of claim preclusion when there is "(1) an identity of the cause of action in both suits; (2) an identity of parties in both suits; (3) a final judgment on the merits; and (4) a judgment rendered by a court of competent jurisdiction." *Does v. District of Columbia*, 238 F. Supp. 2d 212, 217 (D.D.C. 2002).

First, the complaints in the Superior Court cases and the complaint in this case involve plaintiff's employment and termination from WHC and they allege race discrimination and retaliation. The allegations are thus identical, and the fact that the Superior Court cases asserted claims under the District of Columbia Human Rights Act ("DCHRA") and this case includes a § 1981 claim is of no significance. Res judicata still applies since plaintiff is barred from litigating not only claims that were actually litigated but also those that could have been litigated in the first action. *Stutsman v. Kaiser Found. Health Plan*, 546 A. 2d 367, 369-70 (D.C. Super. Ct. 1988); *Does v. DC*, 238 F. Supp. 2d at 217. This principle applies even if plaintiff raises new legal theories since the new theories are based on the same cause of action or factual nucleus that

---

(D.D.C. filed Sept. 21, 2009).

was the basis for the prior Superior Court actions. "It is the factual nucleus, not the theory upon which a plaintiff relies, which operated to constitute the cause of action for claim preclusion purposes." *Stutsman*, 546 A.2d at 370 (citing *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).

In addition to identity of the cause of action in both suits, there is no question that the parties in all suits are the same; the dismissal operated as a final adjudication on the merits of her claims, *In re Estate of Gray*, 834 A.2d 859 (D.C. 2003) (dismissal with prejudice resulting from a sanction due to plaintiff's failure to cooperate in litigation process operates as a final adjudication on the merits for res judicata purposes); and the judgment was rendered by a court of competent jurisdiction.

None of plaintiff's arguments in her opposition overcomes this application of res judicata. As noted, it is irrelevant for res judicata purposes that she has raised a new legal theory here. Nor is there any merit to her procedural arguments. Judge Johnson's ruling on the record is sufficient; Ms. Fairley did not need to file a written notice of appearance before appearing before Judge Johnson for res judicata to apply and the judge was not obligated to issue a written opinion. Her Superior Court cases were "actually decided" since a dismissal with prejudice as a sanction constitutes a final adjudication on the merits. Finally, the record is clear that notice of the show cause was sent to plaintiff at the address on file with the court and any putatitve deficiency in mailing cannot be attributed to the court.

Finally, defendant correctly argues that plaintiff's common law tort claims for wrongful termination, intentional infliction of emotional distress and negligent hiring are time-barred under the one-year statute of limitations that applies to DCHRA claims. These tort claims are

based on the exact same conduct that forms the basis of plaintiff's DCHRA claims, so they are "intertwined with" those claims and assume the DCHRA's one-year statute of limitations. *See Munoz v. Bd. of Trustees*, 590 F. Supp. 2d 21, 26-27 (D.D.C. 2008); *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21, 27 (D.D.C. 2002).

In sum, defendants' motion to dismiss is granted and the above-captioned case is dismissed with prejudice. An appropriate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 22, 2010